CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/26/2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| MELVIN DINKINS, | CASE NO. 3:18–CV–00001 |
| *Plaintiff,* |  |
| v. | MEMORANDUM OPINION |
| REGION TEN CSB, |  |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court *sua sponte* on the question of subject matter jurisdiction.[1] It appears Plaintiff is attempting to raise claims of fraud, "fiduciary abuse," breach of contract, negligence, misappropriation, and misrepresentation. (Dkt. 2). Plaintiff seeks estimated damages of around $200 million. Even construing the Complaint liberally, I find that the Court lacks subject-matter jurisdiction over Plaintiff's claims, and I will dismiss the action.

## I. Standard of Review

A determination of whether the Court has subject matter jurisdiction is a threshold matter. Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See, e.g.* 28 U.S.C. §§ 1331, 1332. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141

---

[1] The *pro se* Plaintiff recently filed a motion to proceed *in forma pauperis*, which I denied. (Dkt. 3).

1

(2012). The requirement of subject-matter jurisdiction cannot be waived or forfeited by the parties. *Id.* However, a *pro se* complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. Discussion

### A. Federal Question Jurisdiction is Lacking

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Martin v. Lagualt*, 315 F. Supp. 2d 811 (E.D. Va. 2004) (applying the well-pleaded complaint rule in the context of a *pro se* complaint). Plaintiff has filed a twenty page Complaint asserting federal question jurisdiction is present, but has failed to state a federal cause of action. (Dkt. 2). Plaintiff purports to bring claims under Federal Rules of Civil Procedure 8, 9(b), (d), (g); 42 U.S.C. 2000h-4 (a provision dealing with preemption); 28 U.S.C. § 1652 (The Rules of Decision Act); and other sundry Virginia state statutes.[2]

Yet none of the rules or statutes referenced by Plaintiff in his Complaint is sufficient to support federal question jurisdiction. *See Pineville Real Estate Operation Corp. v. Michael*, 32

---

[2] Plaintiff does cite 28 U.S.C. § 1331 once in his Complaint, but only in reference to an ambiguous "Defense" claim and "Sovereign Immunity." Notwithstanding the fact that § 1331 is not a cause of action, neither of Plaintiff's referenced "claims" present a federal question. (Compl. ¶ 14). *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) ("It is not enough that there may be a defense grounded in federal law or that the complaint anticipates and rebuts such a defense."). Additionally, Plaintiff makes a passing reference to Medicare, but does not allege a violation of any federal statute.

F.3d 88, 90 (4th Cir. 1994) (recognizing that the Federal Rules of Civil Procedure do not provide an independent ground for subject matter jurisdiction under § 1331); *Johnson v. Bonaventura*, No. 2:13-CV-524 JCM CQH, 2013 WL 2319089, at *3 (D. Nev. May 28, 2013) (finding no federal question jurisdiction when a party has pled state law theories that do not turn "on the answer to a federal question" in light of 42 U.S.C. 2000h-4); *Pendergraph v. Crown Honda-Volvo, LLC*, 104 F. Supp. 2d 586, 589 (M.D.N.C. 1999); *Richardson v. L'Eggs Brands Inc., Div. of Sara Lee Corp.*, 89 F.3d 829 (4th Cir. 1996) ("The Rules of Decision Act, 28 U.S.C. § 1652, requires federal courts sitting in diversity to apply the forum state's substantive law and federal procedural law.").[3] Therefore, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

B. **Diversity of Citizenship Jurisdiction is Lacking**

Additionally, Federal courts possess original subject matter jurisdiction over all civil actions, including solely state law claims, when the amount in controversy exceeds $75,000, exclusive interests and costs, and the parties' citizenship is completely diverse. 28 U.S.C. § 1332. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("Since *Strawbridge v. Curtiss* . . . we have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants."). A corporation is deemed to be a citizen of every state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

---

[3] Plaintiff does reference "USC 1983 Title 31" in his Complaint. (Compl. ¶ 2). Even assuming that Plaintiff meant 42 U.S.C. § 1983, Plaintiff alleges in connection alleges a violation of Federal Rule of Procedure 9(b)—which is not a valid cause of action. *See Michael*, 32 F.3d at 90. Additionally, Plaintiff's reference to § 1983 on his civil cover sheet is not a properly pled claim before the Court. *See Shadwell v. Griffin*, No. 5:11-CV-00065, 2011 WL 3610720, at *1 n.1 (W.D. Va. Aug. 16, 2011) (citing *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir.1989); *Neitzke v. Williams,* 490 U.S. 319, 330 n. 9 (1989)). To the extent Plaintiff is attempting to assert a claim under § 1983 he fails to do so.

3

Plaintiff does not assert that the Court has jurisdiction under 28 U.S.C. § 1332. But even if he did: the parties lack complete diversity. Plaintiff is a citizen of Virginia. (Dkt. 2 at ECF 1–2; dkt. 2-2). Plaintiff alleges that Region Ten CSB, the only Defendant in this case, is a citizen of Virginia. (Dkt. 2 at ECF 1). Indeed, Region Ten CSB is incorporated in Virginia,[4] and has its principal place of business in Virginia.[5] *Id.* Thus, the parties lack diversity and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 to hear the state law claims.

### III. Conclusion

Because Plaintiff fails to put forth any federal cause of action, and because the parties in this case are not completely diverse, Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction.

The Clerk of the Court is directed to send a certified copy of this memorandum opinion and accompanying order to the *pro se* Plaintiff.

Entered this 26th day of January, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] According to the Virginia State Corporation Commission, Region Ten CSB is a Corporation formed in Virginia with its Principal Office in Charlottesville, Virginia. *See* Commonwealth of Virginia State Corporation Commission, Business Entity Details, https://sccefile.scc.virginia.gov/Business/0385156 (last visited January 22, 2018). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

[5] According to the U.S. Centers for Medicare & Medicaid Services, Region Ten CSB is a healthcare provider, with the state of Virginia as its "Primary Practice Address." *See* U.S. Centers for Medicare and Medicaid Services, *NPPES NPI Registry*, https://npiregistry.cms.hhs.gov/registry/provider-view/1942270699 (last visited January 22, 2018).